# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
# for
# the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Jeffrey David Leonard**

Case Number:  **2:14CR00131**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **December 12, 2016**

Original Offense: **Coercion and Enticement**

Original Sentence: **78 months prison, followed by 180 months TSR.**

Date Supervision Commenced: **September 30, 2019**

Name of Assigned Judicial Officer: **Honorable Andrew P. Gordon**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Commit Another Crime - You must not commit another federal, state or local crime.**

   On February 6, 2021, Leonard committed the offenses of Battery, in violation of Nevada Revised Statute (NRS) 200.481.2A, and Battery by Strangulation, in violation of NRS 200.481.2B.

   On this date, officers with the Las Vegas Metropolitan Police Department (LVMPD) responded to a call for service at 2215 Buffalo Run, Las Vegas.  LVMPD officers spoke with the victim, Katelyn Kuh, who stated that she was assaulted by Leonard after an argument

RE: Jeffrey David Leonard

Prob12C
D/NV Form
Rev. March 2017

regarding Leonard's girlfriend/Kuh's roommate. Ms. Kuh suffered contusions to her head, neck, and torso.

2. **Comply With Sex Offender Registration** - **You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.**

   As of the date of this writing, Leonard has failed to register his address as required under the Sex Offender Registration and Notification Act of 2006 (SORNA) codified as amended in scattered sections of 18 U.S.C. and 42 U.S.C.

3. **Live At Approved Place** - **You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

   As of the date of this writing, Leonard has failed to contact the undersigned officer with his current address as he is no longer residing at 904 Duckhorn Court, Unit #104, Las Vegas, NV.

4. **Work Full Time** - **You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

   As of the date of this writing, Leonard has failed to contact the undersigned officer with his current employment.

   On February 22, 2021, the undersigned officer spoke to Leonard's supervisor at Master of Barricades who indicated that Leonard has not reported for work since February 10, 2021.

5. **Report Police Contact Within 72 Hours** - **If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.**

RE: Jeffrey David Leonard

Prob12C
D/NV Form
Rev. March 2017

On February 6, 2021, LVMPD officers contacted Leonard on his cellular telephone and requested to meet with him in person to discuss allegation #1. Leonard refused to meet with the officers. As of the date of this writing, Leonard failed to report police contact to the undersigned officer.

**6.  Sex Offender Treatment** – **The defendant shall attend, cooperate with, and actively participate in a sex offender treatment program, which may include polygraph examinations, as approved and directed by the probation officer, and as recommended by the assigned treatment provider.**

On February 24, 2021, Leonard was a no call/no show to his sex offender treatment appointment at Evergreen Counseling.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

&boxtimes; Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **February 24, 2021**

Digitally signed by
Tawni Lea Salem
Date: 2021.02.26
10:13:32 -08'00'

Tawni Salem
Senior United States Probation Officer

Approved:

2021.02.26
07:02:04 -08'00'

Joy Gabonia
Supervisory United States Probation Officer

RE: Jeffrey David Leonard

Prob12C
D/NV Form
Rev. March 2017

## THE COURT ORDERS

- ☐ No Action.
- ☑ The issuance of a warrant.
- ☐ The issuance of a summons.
- ☐ Other:

_____
Signature of Judicial Officer

___February 26, 2021_____
Date

RE: Jeffrey David Leonard

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. JEFFREY DAVID LEONARD, 2:14CR00131

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### February 24, 2021

On December 12, 2016, Your Honor sentenced Leonard to 78 months imprisonment, followed by a 15-year term of supervised release. On September 30, 2019, Leonard commenced supervision in the District of Nevada.

Despite Leonard's initial compliance on supervision, it appears he has now absconded. As outlined above, on February 6, 2021, Leonard's girlfriend's roommate, Ms. Kuh, stated that Leonard strangled her after an argument regarding his girlfriend. Following the incident, Ms. Kuh went to University Medical Center for a forensic strangulation exam. She suffered contusions to her head, neck, and torso and reported to have a raspy voice, pain to her throat, and difficulty eating. LVMPD officers spoke to Leonard via telephone after the incident – Leonard refused to meet with the officers to provide his version of events.

The undersigned officer attempted to contact Leonard via telephone, text, and email – as of the date of this writing, Leonard has not responded. The undersigned officer spoke with Leonard's supervisor at Master of Barricades on February 22, 2021, who indicated that Leonard has not reported for work since February 10, 2021. Leonard left over $1,000 worth of his own tools at Master of Barricades and did not return the company cell phone. On February 23, 2021, the undersigned officer spoke with Leonard's brother, Michael. Michael stated that Leonard is "laying low" and claimed to not know his whereabouts or a contact number but stated that he would pass along a message to Leonard to contact the undersigned officer. As of the date of this writing, Leonard has not contacted the undersigned officer.

Due to the conduct outlined above, the undersigned officer respectfully requests that a warrant be issued for Leonard's arrest and that he remain in custody pending resolution of this matter as he poses a danger to the community and is a risk of flight.

Respectfully submitted,

*Tawni Lea Salem* Digitally signed by Tawni Lea Salem
Date: 2021.02.26 10:14:10 -08'00'

Tawni Salem
Senior United States Probation Officer

Approved:

2021.02.26
07:02:42 -08'00'

Joy Gabonia
Supervisory United States Probation Officer